## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOVIE BOSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00405-JPG-DGW |
| | ) | |
| MICHAEL MILES and, | ) | |
| GIBCO MOTOR EXPRESS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **Consolidated with**: |
| | ) | |
| ADA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00406-JPG-DGW |
| | ) | |
| MICHAEL MILES and, | ) | |
| GIBCO MOTOR EXPRESS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **Consolidated with**: |
| | ) | |
| DOVIE BOSWELL, as next friend and | ) | |
| Mother of Devin Young, a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00407-JPG-DGW |
| | ) | |
| MICHAEL MILES and, | ) | |
| GIBCO MOTOR EXPRESS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions that were filed in the above actions prior to the consolidation of these cases.  In matter *15-cv-00405*: Defendants' Motion to Dismiss

for Failure to State a Claim on Counts II, IV, and V (Doc. 7); Defendants' Motion to Strike Plaintiff's Prayers for Pre-Judgment Interest and Punitive Damages (Doc. 8); and Plaintiff's Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 11).  Plaintiff filed a Response (Doc. 12) in Opposition of Defendant's Motion to Dismiss (Doc. 7).

In matter *15-cv-406*:  Defendants' Motion to Dismiss for Failure to State a Claim on Counts II, IV, and V (Doc. 7); Defendants' Motion to Strike Plaintiff's Prayers for Pre-Judgment Interest and Punitive Damages (Doc. 8); and Plaintiff's Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 11).  Plaintiff filed a Response (Doc. 12) in Opposition of Defendant's Motion to Dismiss (Doc. 7).

In matter *15-cv-407*:  Defendants' Motion to Dismiss for Failure to State a Claim on Counts II, IV, and V (Doc. 8); Defendants' Motion to Strike Plaintiff's Prayers for Pre-Judgment Interest and Punitive Damages (Doc. 9); and Plaintiff's Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 11).  Plaintiff filed a Response (Doc. 12) in Opposition of Defendant's Motion to Dismiss (Doc. 8).

The motions are duplicate and put forth the same arguments in each case and as such, the Court will address the three Defendants' Motions to Dismiss; the three Defendants' Motions to Strike; and the three Plaintiff's Motions to Dismiss in a single analysis pertaining to that group of motions.

I.  **Background**:

This matter arises from a vehicle accident which occurred on February 8, 2013, on Interstate 55/70 in Illinois.  A tractor trailer, driven by Defendant Michael Miles and owned by Defendant Gibco Motor Express, LLC, rolled over on its side dumping a load of coal which fell onto and blinded a vehicle, causing that vehicle to lose control and strike the rear of Plaintiff

Dovie Boswell's vehicle.

Plaintiff Boswell was pregnant with Plaintiff Devin Young at the time of the accident and Plaintiff Ada Baker was a passenger in her vehicle. Upon being struck from the rear, the Complaint states that Plaintiff Boswell's "vehicle lost control, traveled off the roadway and struck a guardrail before coming to rest in the middle of the roadway" which resulted in injuries to the Plaintiffs including the premature birth of Plaintiff Devin Young.

II. **Analysis**.

The Court will first address Plaintiff's Motions to Dismiss Counts IV and V of Plaintiff's Complaint with prejudice. Plaintiffs do not cite any Federal Rule of Civil Procedure or case law in support of their motions to dismiss these counts. If Plaintiffs are seeking dismissal pursuant to Federal Rule of Civil Procedure 41(a) – Voluntary Dismissal – the Court would note that Federal Rule of Civil Procedure 41(a) has been held to be limited to the dismissal of an entire action and not specific counts, making it inapplicable to these motions. *See, Taylor v. Brown*, 2014 WL 9865341 (7th Cir. 2015); *Berthold Types Limited v. Adobe Systems Inc*., 242 F.3d 772 (7th Cir. 2001). As such, there is no precedent or procedure cited for the dismissal of these counts at this stage in the litigation and Plaintiffs' Motions to Dismiss Counts IV and V are **DENIED** without prejudice.

However, the Court notes that Defendants have motioned to dismiss Counts IV and V for failure to state a claim and Plaintiffs' response states that, "Plaintiff has filed a Motion to Dismiss Counts IV & V without prejudice, which makes Defendants' arguments as to those counts moot." The Court has several options. It could grant leave to the Plaintiffs to amend their complaint to exclude Counts IV and V; or allow Plaintiffs additional time to properly respond to Defendants' motion to dismiss; or grant the Defendants' Motion with regard to Counts IV and V.

In the interest of judicial economy, since both the Plaintiffs and the Defendants have motioned for dismissal of Counts IV and V, the Court hereby **GRANTS** in part Defendants' Motions to Dismiss and Counts IV and V are **DISMISSED** without prejudice.

The Court will next address Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) with regard to Count II. "It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

Defendants' Motion with regard to Count II argues that the Plaintiff has failed to state a claim for negligence *per se*. Defendants state that, "[T]here is nothing contained in the federal regulations cited by Plaintiff that suggests an intention to create a strict liability cause of action." (15-CV-00405, Doc. 8, page 2).

Plaintiff's Response argues that the Complaint, as currently plead, "[M]eets the pleading requirements imposed by Rule 8" and that, "Defendant attempts to couch a legal conclusion

argument in its argument; however such argument has no place in a Motion to Dismiss." (15-cv-407, Doc. 12).

Count II alleges negligence *per se* against Michael Miles for violations of Illinois laws regulating the operation of motor vehicles as well as the Federal Motor Carrier Regulations. "'[W]hether or not the common law recognizes a cause of action, the plaintiff may maintain an action under an applicable statute where the legislature intended violation of that statute to give rise to civil liability.  The doctrine of negligence *per se*, on the other hand, provides that where a cause of action does exist at common law, the standard of conduct to which a defendant will be held may be defined as that required by statue, rather than as the usual reasonable person standard.'"  *Cuyler v. U.S.*, 363 F.3d 949, 952 (7th Cir. 2004)(*citing Marquay v. Eno*, 139 N.H. 708, 662 A.2d 272, 277 (1995)).  "Otherwise every statute that specified a standard of care would be automatically enforceable by tort suits for damages – every statue in effect would create an implied private right of action – which clearly is not the law.  The only modification required to the passage that we quoted from the *Marquay* case an accurate statement of Illinois law is that in Illinois the violation of a statutory standard is prima facie evidence of negligence rather than negligence per se."  *Id,* at 952.

"[T]he violation of a statute that sets a standard of care is, in Illinois, prima facie evidence of negligence, so that all a plaintiff has to prove (besides causation) is that the defendant violated the statute.  The defendant can defend by showing that his behavior was reasonable in the circumstances.  That is the difference between Illinois's prima facie rule and the more common rule that violation of a safety statue is negligence per se."  Williams v. City of Champaign, 524 F.3d 826, 830 (7th Cir. 2008)(*internal citations omitted)*.

It is evident from the above that Illinois law does not hold that a violation of a statutory standard is negligence *per se*, but holds instead that it is prima facie evidence of negligence. However, specifying an incorrect legal theory is not fatal to a claim as long as relief is possible under any theory. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Plaintiffs have sufficiently plead a negligence cause of action in Count II and it survives Defendants Motion to Dismiss.

Finally, Defendants have motioned to Strike Plaintiff's Prayers for pre-judgment interest and punitive damages (15-cv-00405, Doc. 8; 15-cv-00406, Doc. 8; 15-cv-00407 Doc. 9). Pursuant to Local Rule 7.1(c), Plaintiffs' responses to the above Motions were due 30 days after the motions were filed, but over 30 days have passed and Plaintiffs have not responded.

Whether or not to award prejudgment interest is within the sound discretion of the trial court judge. *Dallis v. Cunningham and Associates,* 11 F.3d 713 (7th Cir. 1993). In diversity cases, the allowance of prejudgment interest is governed by state law. *Matter of Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1333 (7th Cir.1992); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1383 (7th Cir.1990). In Illinois, the general rule is that prejudgment interest cannot be awarded unless provided by statute or agreement of the parties. *Medcom Holding Company v. Baxter Travenol Laboratories, Inc.*, 106 F.3d 1388, 1405 (7th Cir. 1997); *Bank of Chicago v. Park Nat. Bank*, 266 Ill.App.3d 890, 203 Ill.Dec. 915, 923, 640 N.E.2d 1288, 1296 (1994); *Lakefront Realty Corp. v. Lorenz*, 19 Ill.2d 415, 167 N.E.2d 236, 240-41 (1960).

In this matter, there is no evidence of an agreement to provide prejudgment interest and Plaintiff does not cite to any specific statute which explicitly allows for prejudgment interest. However, the Court notes that, "As to prejudgment interest, it is well-established in this circuit that prejudgment interest is presumptively available to victims of federal law violations." *RK*

*Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010). Further, Federal Rule of Civil Procedure 54(c) provides that a prevailing party will be granted all the relief to which it is entitled even if the party has not demanded that relief in its pleadings. Plaintiffs have alleged that the Defendants violated federal law and if they prevail on a claim involving federal law, they may be awarded prejudgment interest as it is presumptively available in this circuit.

With regard to Plaintiffs' prayers for punitive damages, under Illinois law, punitive damages have some relation and are not logically unconnected to negligence claims. While simple negligence will not justify an award of punitive damages, willful and wanton conduct does. *Jentz v. ConAgra Foods, Inc.*, 767 F.3d 688, 693 (7th Cir. 2014) (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 358 (1978)), *cert. denied*, 135 S. Ct. 1472 (2015). "Willful and wanton conduct is found where an act was done with actual intention or with a conscious disregard or indifference for the consequences when the known safety of other persons was involved." *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522, 532 (Ill. 1992) (internal quotations omitted); *see Adkins v. Sarah Bush Lincoln Health Ctr.,* 544 N.E.2d 733, 743 (Ill. 1989); *Poole v. City of Rolling Meadows,* 656 N.E.2d 768, 771 (Ill. 1995); *Jentz*, 767 F.3d at 693 (willful and wanton conduct "entails at least a gross deviation from the standard of care") (internal quotations omitted). Proving "conscious disregard or indifference for" others' safety or a "gross deviation from the standard of care" essentially requires the same elements as negligence except a more culpable mental state. Whether the evidence is sufficient to show this heightened state of mind rather than mere negligence is a question for the jury.

Furthermore, Defendants have not shown that they will be prejudiced from allowing the question of punitive damages to remain in the Complaint. Because discovery will focus on the same relevant events regardless of whether those events were the produce of negligence or

recklessness (or neither), allowing the prospect of punitive damages to remain will not cause any party to spend its resources litigating spurious matters.

Most importantly, it is immaterial whether Plaintiffs' pleadings seek punitive damages. Under federal pleading rules, the Court is permitted to award any warranted relief regardless of what the plaintiff seeks in his complaint. *See* Fed. R. Civ. P. 54(c) ("Every other final judgment [other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Thus, even if the Plaintiffs had not alleged willful and wanton conduct and prayed for punitive damages, the Court could still award that relief if the evidence warranted it.

III. **Conclusion**.

Based on the above, Plaintiff's Motion to Dismiss Counts IV and V of Plaintiff's Complaint (15-cv-00405, Doc. 11)(15-cv-00406, Doc. 11)(15-cv-0407, Doc. 11) are **DENIED** without prejudice.

However, the Court hereby **GRANTS** in part Defendants' Motions (15-cv-00405, Doc. 7)(15-cv-00406, Doc. 7)(15-cv-0407, Doc. 8) to Dismiss Counts II, IV and V of Plaintiffs' Complaints. Counts IV and V of Plaintiffs' Complaints are **DISMISSED** without prejudice. The Court **DENIES** in part Defendants' Motions (15-cv-00405, Doc. 7)(15-cv-00406, Doc. 7)(15-cv-0407, Doc. 8) to Dismiss with regard to Count II of Plaintiffs' Complaints.

Defendants' Motion to Strike Plaintiffs' Prayers for Pre-Judgment Interest and Punitive Damages (15-cv-00405, Doc. 8)(15-cv-00406, Doc. 8)(15-cv-0407, Doc. 9) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 7/1/2015  *s/J. Phil Gilbert*
 **J. PHIL GILBERT**
 **DISTRICT JUDGE**